## W. S. POWELL *v.* MARTHA CALVERT.

## PHILLIPS & FOERG *v.* MARTHA CALVERT.

[Abstract Kentucky Law Reporter, Vol. 5—769.]

**Widow's Dower.**

A widow who did not join with her husband in a mortgage on
his real estate, not having in any way relinquished her right to
dower in the lifetime of her husband, is entitled to dower in said
property.

**Proof of Marriage.**

For evidence held sufficient to prove a marriage, see opinion.

APPEALS FROM CALDWELL CIRCUIT COURT.

March 27, 1884.

OPINION BY JUDGE PRYOR:

These two actions involving similar questions will be heard to-
gether. The appellee, who is the widow of William H. Calvert,
instituted the two actions against the appellants claiming dower in
certain real estate that had been purchased by them under a de-
cretal sale made in favor of the creditors of her husband, who
had mortgaged to them the property to secure certain debts. It
appears that the husband of the appellee and his brother, R. Cal-
vert, owned jointly certain houses and lots in the town of Prince-
ton, and in 1876 made a division of the same by which their joint
interest was severed and conveyances made from one to the other.
It at least appears that R. Calvert conveyed to William H. Calvert
the lots in controversy, thereby vesting him with the absolute title;
that William then mortgaged the property to creditors and the

same was sold as his by a judgment of the chancellor rendered in the year 1880. At the time of the sale it appears that the appellee and her husband were living in a part of one of the buildings, and being a housekeeper with a family there was paid over to him under the judgment of the court the sum of $1,000, the value of his homestead. The wife (appellee) was no party to the proceedings, but it is claimed that she signed a receipt in conjunction with her husband for the money paid in lieu of the homestead. After the sale the husband and wife removed to the state of Texas, where he died, and the widow not signing the mortgage to creditors nor having relinquished her right to dower in the lifetime of her husband, we perceive no reason why she was not entitled to recover.

It is argued by counsel for the appellants that there is no sufficient evidence of the existence of the marriage relation between Calvert and his wife as authorized the judgment in her favor. The fact of the marriage between the two is placed in issue by the pleadings and the burden was on the appellee to establish her claim, and in order to do this it was essential for her to prove that she was the wife of W. H. Calvert. This we think she has satisfactorily done. The husband was living in Princeton at the time of the marriage, or if not he married the appellee in Hardin county, Illinois, and removed to Princeton, where he lived with the appellee as his wife for the period of fifteen or sixteen years prior to the sale of his property. He had by her one child, and the marriage relation was recognized by the parties and by all with whom they had any intercourse during this entire period. The husband and wife stood high in social life, and no question was ever made or suggested by any one of the community in which they lived affecting in any manner the validity of their marriage. The appellee was about eighteen years of age when the marriage took place, and files with this record the license from the clerk of the court authorizing the marriage ceremony and the certificate of the minister who performed it. The appellee swears that the marriage took place and produced the written evidences of the authority on the part of the minister to make them man and wife. The wife, it is said, is incompetent as a witness. This can not be. She is not testifying against or for her husband, but against one in possession of property to which she claims she is entitled; but,

even if incompetent, their cohabitation and the recognition by the community in which they lived for so long a time of the relation of husband and 'wife between them made at least a prima facie case, and the law under such circumstances will presume the marriage to have been regular until the contrary is shown. "In support of a plea of coverture, a certificate of the defendant's marriage in a Roman Catholic chapel according to the rites of that church, with evidence of subsequent cohabitation, (has) been held prima facie proof of a valid marriage * * * without proof that the solemnities prescribed by the statute were employed." 2 Wharton on Evidence (2d ed.), § 1297. Besides, in this case there was filed with the pleadings and read as evidence in the cause the license issued by the clerk with the certificate of the minister annexed (C. L. Clannahan), that he performed the ceremony. The clerk under his seal of office further certifies that it is a true and perfect copy. There was no objection or exception taken to the record as evidence and it is too late to raise the question in this court for the first time, and if even such an objection could prevail there is still proof of the marriage of such a character as authorized the recovery. ·

It is argued for error also that the court failed to make the widow account for the $1,000, the value of the homestead that, had been paid to the husband, or that had been directed to be paid by the judgment selling the property. The statute provides that the homestead shall continue after the husband's death for the benefit of his widow and children, but shall be estimated in allowing dower. Gen. Stat. 1883, ch. 38, art. 13, § 13. That is, where the husband dies the owner of the homestead and it passes to his widow, she can not claim both homestead and dower, or if she does it (the value of the homestead) shall be estimated in allotting dower. Here no homestead right passed to the widow and children. The husband was not living in the state at the time of his death, and the fact that he was allowed the value of the homestead in these lots during his life can not affect the right of the widow to dower. The purchasers of the lots paid the value of the homestead out of the purchase-money, and held the property subject to the wife's potential right.

The wife may have receipted for the money in conjunction with her husband; still it was his money, and what disposition he made

of it is not the subject of inquiry here. If it were, the proof conduces to show that he had expended all of it but three or four hundred dollars, and if he had expended no part of it there is no homestead in this property passing to the wife, or any in any other real estate within this state; and the sole question is, Was the husband the owner of the property during the marriage? He was seized of the property in his own right and held it from 1876 to 1880. It was sold as his and no joint interest is being or has been asserted by his brother or any one for him. The parties were lawfully married and dower was properly assigned her. The value of the rents depends upon the testimony of various witnesses, and we see no reason for disturbing the judgment on the ground that the rent is for too much. As to the costs they were properly awarded. The judgment in each case is *reversed*.

*F. W. Darby and W. P. D. Bush, for appellants.*
*George W. Duvall, for appellee.*